FILED

2005 Mar-21  PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **MARLIN BRANDO SLATER,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **vs.** } | **CASE NO. CV-04-B-1216-S** |
| } | |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **Defendant.** } | |

**MEMORANDUM OPINION**

Currently before the court is defendant's Motion to Dismiss or, in the alternative,

Motion for Summary Judgment.  (Doc. 2.)[1]  Plaintiff Marlon Slater, proceeding pro se, has

filed a complaint against defendant United States of America under the Federal Torts Claims

Act ("FTCA") for the negligent prescription of medication by physicians employed by a

Veterans Administration ("VA") hospital in Birmingham, Alabama.  Defendant contends that

plaintiff's claims are due to be dismissed because they are barred by the administrative claim

requirements of 28 U.S.C. § 2401(b).  Upon consideration of the record, the submissions of

the parties, and the relevant law, the court is of the opinion that defendant's Motion to

Dismiss is due to be granted.

**I.  FACTUAL SUMMARY**

---

[1]      Reference to a document number, ["Doc. ___"], refers to the number assigned to
each document as it is filed in the court's record.

Plaintiff filed a Claim for Damage, Injury, or Death with the United States Department of Veterans Affairs on April 30, 2001, alleging that he developed diabetes as a result of negligent prescription of drugs by physicians at the VA hospital in Birmingham.  (Doc. 1, ¶ 11.)  This claim was administratively denied by defendant, and plaintiff was notified by a letter dated November 7, 2001. (*Id.*)  Plaintiff contends in his Complaint that while reviewing his medical records in February 2004, he discovered that one of his treating physicians prescribed "zyprexa," a medication that "can initiate the onset of diabetes mellitus." (*Id.*)  Plaintiff filed this action on June 15, 2004, requesting a sum of $200,000,000 in damages.  (Doc. 1, ¶ 12.)

## II.  SUBJECT MATTER JURISDICTION

Under the governing law, defendant's motion is essentially a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  Before a court may decide the merits of a case, the court must first have jurisdiction to hear it.  Plaintiff has the burden of showing that jurisdiction exists.  *See, e.g.*, *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996); *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Knox v. United States*, 874 F. Supp. 2d 1282, 1284 (M.D. Ala. 1995).  "When the moving party attacks the complaint on its face, 'the court must consider the allegations

of the complaint as true.'" *Knox*, 874 F. Supp. 2d at 1284 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)).[2]

### III.  DISCUSSION

A strict statute of limitations governs the maintenance of an action against the United States after denial of a claim by a federal agency.  The United States Code states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).  The FTCA, under which plaintiff brings this action, "constitutes a waiver of the United States's sovereign (i.e. absolute) immunity for money damages for the negligent or wrongful conduct of its employees."  *Knox*, 874 F.Supp. at 1285.  When the United States consents to be sued, "the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction."  *United States v. Mottaz*, 476 U.S. 834, 841 (1986).  "Under this line of cases, a statute of limitations constitutes a condition on the waiver of sovereign immunity, and thus, defines jurisdiction."  *Calhoun County, Tex. v. United States*, 132 F.3d 1100, 1104 n.1 (5th Cir. 1998).  Therefore, courts have no jurisdiction over a complaint filed after this particular statutory time limitation has run.  *See, e.g., United States v. One 1961 Red Chevrolet Impala Sedan*, 457 F.2d 1353, 1357 (5th Cir. 1972); *Sisseton-*

---

[2]    Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc). *Williamson* was decided on May 20, 1981.

*Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir. 1990) ("The plaintiff's failure to sue within the period of limitations is not simply a waivable defense; it deprives the court of jurisdiction to entertain the action.").

Plaintiff contends that he filed an administrative claim on April 30, 2001. (Doc. 1, ¶ 11; Declaration of Mary E. Barrett, Doc. 4, Ex. 2.) He received a letter dated November 7, 2001, stating that his administrative claim had been denied. (*Id.*) Plaintiff filed this action against defendant on June 15, 2004. (Doc. 1.)

In his "Motion Objecting to Defendant's Motion for Summary Judgment," plaintiff contends that the statute of limitations should be tolled until February of 2004, when he discovered notes concerning zyprexa in his medical records. Under the FTCA, the statute of limitations period in medical malpractice actions is tolled until the plaintiff possesses the critical facts of his injury and its cause. *Price v. United States*, 775 F.2d 1491, 1493 (11th Cir. 1985) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). A medical malpractice claim under the FTCA accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both his injury and its connection with some act of defendant. *Id.* at 1494. Here, plaintiff argues that he learned only in February of 2004 that he had been prescribed zyprexa and that "zyprexa can elicit the onset of diabetes mellitus." (Doc. 9 at 2.) Plaintiff knew of his diabetes and its alleged connection with the drug prescriptions by the VA in 2000; therefore, plaintiff was aware of both his alleged injury and its connection with the actions of the defendant prior to plaintiff's filing of his administrative claim in April of 2001. As argued by the government in its Memorandum in Support of its

Motion to Dismiss, "Plaintiff was not ignorant of the facts related to his injury (diabetes) or its cause (alleged malpractice by VA physicians." (Doc. 5 at 6.)  Plaintiff now contends that a different drug (other than the one he presented as the cause in his April 2001 administrative claim) caused his diabetes.  This fact does not save plaintiff's case.  Plaintiff at all times knew of the harm (diabetes) and who was alleged to have caused the harm (the VA physicians).  Plaintiff does not argue, nor can he, that had he "exercised reasonable diligence" in 2001 he could not have learned of the alleged connection between zyprexa and his diabetes.

Because of plaintiff's delay in filing his lawsuit, his claim is barred by 28 U.S.C. § 2401(b).  Upon receipt of the denial letter plaintiff had six months to file a claim, or until May 7, 2002.  Instead, plaintiff filed his claim on June 15, 2004, over two years after the statute of limitations had run.  Thus, plaintiff's claims are due to be dismissed because the court lacks subject matter jurisdiction to hear them.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, the court is of the opinion that plaintiff's complaint is due to be dismissed with prejudice.  An Order granting defendant's Motion to Dismiss will be entered contemporaneously with this Opinion.

**DONE** this 21st day of March, 2005.

_Sharon Lovelace Blackburn_

SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE